IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **CONNIE RAY PALMER,** <br> TDCJ No. 1583752, <br><br> Petitioner, <br><br> v. <br><br> **LORIE DAVIS, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | § § § § § § § § § § § § § § § | Civil Action No. 7:17-cv-00132-O-BP |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Connie Ray Palmer pursuant to 28 U.S.C. § 2254. ECF No. 2. Palmer challenges a denial of his right to appeal his conviction for aggravated robbery. After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **TRANSFER** the Petition for Writ of Habeas Corpus (ECF No. 2) to the United States Court of Appeals for the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Petitioner is an inmate confined in the Lynaugh Unit of the Texas Department of Criminal Justice in Fort Stockton, Texas, and brings this action pursuant to 28 U.S.C. § 2254. ECF No. 2. Petitioner challenges a denial of his right to appeal his 2009 conviction for aggravated robbery. *Id*. His Petition for Writ of Habeas Corpus is successive because it challenges the same conviction Petitioner challenged in *Palmer v. Thaler*, 7:11-CV-012-O-BL, 2012 WL 2796921, at *1 (N.D. Tex. June 14, 2012), *report and recommendation adopted*, 7:11-CV-012-O-BL, 2012 WL


2829463 (N.D. Tex. July 10, 2012), *certificate of appealability denied*, No. 12-10794 (5th Cir. 2012). Petitioner's earlier Petition was dismissed because the court determined that the Petition was time-barred. *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A)–(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (concerning a § 2255 motion); *Crone*, 324 F.3d at 836 (concerning a § 2254 habeas petition).

The Fifth Circuit has not issued an order authorizing the court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a second petition for

habeas relief challenging his underlying criminal conviction. Petitioner's current application is successive under AEDPA, and his failure to obtain leave from the Fifth Circuit under § 2244(b)(3) before filing his current application acts as a jurisdictional bar to this Court asserting jurisdiction over his petition. *See Key*, 205 F.3d at 774 (citations omitted).

Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may opt to transfer a successive habeas petition to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). This appears to be Petitioner's first successive habeas application concerning his conviction, and thus transfer is appropriate. *Compare Adams v. Davis*, No. 3:17-CV-1133-N-BN, 2017 WL 2535863, at *4 (May 2, 2017) (holding that transfer was appropriate when there was not a history of filing successive habeas petitions aimed at the same issue), *with United States v. King*, Nos. 3:97-CR-0083-D-01 & 3:03-CV-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (ruling that, as a result of petitioner's history of filing successive habeas petitions, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer").

Because this is Petitioner's first successive habeas Petition challenging a disciplinary proceeding, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **TRANSFER** the instant Petition to the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed October 13, 2017.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE