IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| CONNIE RAY PALMER, | § |
| Petitioner, | § |
| v. | § Civil Action No. 7:17-CV-132-O-BP |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § |
| Respondent. | § |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DISMISSING PETITION

After making an independent review of the pleadings, files, and records in this case, and of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, I am of the opinion that the findings of fact and conclusions of law set forth in the Magistrate Judge's Recommendation are correct and they are hereby adopted and incorporated by reference as the Findings of the Court.

As stated by the Magistrate Judge, when a petition is second or successive, the petitioner must seek an order from the United States Court of Appeals for the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because the instant petition is successive, the district court is without authority to entertain the petition unless leave to file is granted by the Court of Appeals.

The Magistrate Judge recommends transferring the instant petition to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). But upon further review, the Court has

determined that Petitioner Connie Ray Palmer previously sought authorization from the Fifth Circuit to bring a successive habeas petition challenging his conviction for aggravated robbery and the resulting 35-year sentence. *See In re: Connie Ray Palmer*, No. 14-10658 (5th Cir. 2014). This is the same conviction that Palmer challenges in the instant habeas action. *See* Petition, ECF No. 2 at 16-25. The Fifth Circuit Court of Appeals denied Palmer's application to file a successive petition.

Because Palmer sought and was denied leave to proceed with a successive petition, this Court is without authority to entertain the instant petition. In light of the fact that Palmer's request to proceed with a successive application has already been denied, the Court finds that the interests of justice would not be served by transferring this action. *See, e.g., Williams v. Byson*, No. 6:17-CV-71, 2017 WL 3836097, at *2 (S.D. Ga. June 2, 2017), report and recommendation adopted, No. 6:17-CV-71, 2017 WL 3812985 (S.D. Ga. Aug. 31, 2017) (dismissing, rather than transferring, successive habeas action where the Eleventh Circuit Court of Appeals had already denied petitioner's application for leave to file a successive petition); *Carpenter v. Ortiz*, No. CV 17-3234 (JBS), 2017 WL 4022802, at *2 (D.N.J. Sept. 13, 2017) (finding it not in the interests of justice to transfer successive habeas petition where the Fifth Circuit Court of Appeals had previously denied permission for petitioner to file a successive application); *Persaud v. United States*, No. 04-CV-2862(CBA), 2010 WL 538823, at *3 (E.D.N.Y. Feb. 11, 2010) (finding that transfer of a successive habeas application to the Second Circuit Court of Appeals would be futile in light of the fact that certification to file a successive habeas action was previously denied by the Court of Appeals); *Kinnell v. Clinton*, No. 07-3241-SAC, 2009 WL 950980, at *2 (D. Kan. Apr. 7, 2009) (holding that "it would not be in the interest of justice to transfer [habeas] claims to the Tenth Circuit for authorization, which has previously been denied."). Rather the petition should be dismissed.

For the foregoing reasons, this action is **DISMISSED** as successive, but without prejudice to Petitioner's right to seek leave to file a successive petition from the United States Court of Appeals for the Fifth Circuit.

Petitioner's Motion for Certified Copies (ECF No. 13) of documents needed to proceed before the United States Court of Appeals for the Fifth Circuit upon transfer of the case is **DENIED** as **MOOT**.

**SO ORDERED** this **14th day** of **November, 2017.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**